

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00091-CR

**IN RE** Jaime **LUEVANO**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:  Sandee Bryan Marion, Chief Justice
     Marialyn Barnard, Justice
     Jason Pulliam, Justice

Delivered and Filed:  March 4, 2015

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

Relator, Jaime Luevano, filed this pro se petition for writ of mandamus on February 23, 2015, complaining of a number of issues related to the conditions of his current incarceration in Karnes County, Texas. Relator is currently serving a life sentence imposed in March 2010 in a criminal case prosecuted in El Paso County, Texas. None of the issues raised in this mandamus proceeding relate directly to the criminal proceeding resulting in relator's conviction.

Relator requests an order from this court directing unspecified Karnes City officials, state elected officials and prison officials to investigate and respond to his numerous complaints. However, this court does not have jurisdiction to grant the requested relief. By statute, this court

---

[1] Relator is currently incarcerated in the John B. Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, located in Karnes County, Texas. Relator's complaints in this mandamus proceeding are unrelated to the criminal conviction leading to his current incarceration, which was adjudicated in 2010 in Cause No. 20070D04788, styled *The State of Texas v. Jaime Luevano*, El Paso County, Texas.

has the authority to issue a writ of mandamus against "a judge of a district or county court" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West 2004). We conclude the writ is not necessary to enforce our jurisdiction in this instance. Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

To the extent relator intended to raise any complaint related to his actual judgment of conviction, the Texas Government Code provides that the intermediate courts of appeal in this state may issue writs only against judges of district or county courts located in the court of appeals' district. *Id*. Relator's judgment of conviction is out of the 120th Judicial District, El Paso County, Texas, which is located in the Eighth Court of Appeals District. *See* TEX. GOV'T CODE ANN. §§ 24.222(a); 22.201(i) (West 2004 and Supp. 2014).

We conclude that this court has no jurisdiction to address any complaint concerning a criminal proceeding over which a sister court of appeals would have appellate jurisdiction. Accordingly, to the extent relator intended to raise any such complaint, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH